BOELTER v. BLAKE.

1. FRAUDS, STATUTE OF—PART PERFORMANCE.
    Part performance of an oral contract may take it out from under the statute of frauds (3 Comp. Laws 1929, §§ 13413, 13415).

2. SPECIFIC PERFORMANCE—OPTION TO PURCHASE REALTY—PART PERFORMANCE—RECORD—ACQUIESCENCE—REPAIRS.
    In suit for specific performance of an option to buy a home which defendants owned as tenants by the entireties, where plaintiffs. had fully performed their obligation to make monthly payments in course of year preceding time within which option could be exercised, they were entitled to decree of specific performance notwithstanding defendant wife had not signed a written option, testimony is in dispute as to whether she was present when the first oral agreement was made, and record does not disclose a definite repudiation of the option other than her refusal to sign a land contract pursuant to the option but does disclose her acquiescence in re-

Where there is an oral contract for the transfer of an interest in land and the purchaser with the assent of the vendor makes valuable improvements thereon or takes possession and pays part or all of the purchase price, the contract may be specifically enforced in equity notwithstanding the statute of frauds, see 1 Restatement, Contracts, § 197.

pairs and alterations made by plaintiffs in their belief that they were going to purchase the place.

3. SAME—ORAL CONTRACTS—PART PERFORMANCE—EQUITY—STATUTES.

While oral agreements to convey land are void under the statute of frauds, a court of equity has statutory power to grant specific performance of agreements of which there has been part performance and such relief should be granted when, as between the parties, an equitable result will be accomplished (3 Comp. Laws 1929, §§ 13413, 13415).

Appeal from Wayne; Webster (Clyde I.), J. Submitted October 8, 1943. (Docket No. 75, Calendar No. 42,533.) Decided December 29, 1943.

Bill by Royal Boelter and wife against Marion A. Blake and wife for specific performance of an option to sell land. Decree for plaintiffs. Defendants appeal. Affirmed.

*Max N. Freeman* and *Milton Roberts,* for plaintiffs.

*Victor H. Wehmeier,* for defendants.

NORTH, J. This is a suit in equity for specific performance of an option to buy a dwelling house. Plaintiffs obtained a decree in the circuit court and defendants appeal.

On October 3, 1940, Marion A. Blake and Virginia Blake his wife owned by the entireties numerous small homes in Detroit, including a six-room house at 19434 Cherrylawn avenue in which they were then living. The plaintiffs were tenants living in another dwelling owned by the defendants. After some preliminary negotiations, Mr. and Mrs. Boelter inspected the Cherrylawn avenue property and the terms of its sale were agreed upon with Mr. Blake.

It was orally agreed that at the end of one year the plaintiffs would purchase the Cherrylawn avenue place for $3,500, and during the year would pay $40 per month, $30 of which amount would be considered rent and $10 of which ($120 at the end of the year) would be applied on the down payment. Plaintiffs were also obliged by the agreement to pay $300 as the balance of the down payment to the defendants at the end of the year if the option to purchase was exercised. The balance of the $3,500 was to be paid at the rate of $30 per month, which payments included taxes and insurance. On October 4, 1940, the plaintiffs paid to Mr. Blake $10 to close the deal and received a receipt therefor which Mr. Blake testified should have read "$10 and $30 when house is ready. Option for rent at 19434 Cherrylawn." It is denied that Mrs. Blake took part in this oral agreement although Mrs. Boelter testified that Mrs. Blake was present and took part in the conversation.

Plaintiffs obtained possession of the dwelling on October 24, 1940, and still occupy the premises. In November, 1940, plaintiffs made the payment of $40; and on December 2, 1940, Mr. Blake gave Mr. Boelter a written option to purchase embodying the terms of the oral agreement but signed by himself only, and also a receipt for the rent then due in the form of two receipts, one for $30 and one for $10. Both before and after moving into the house, plaintiffs made alterations and repairs in the way of wiring, decorating and so on. Subsequent payments were made by plaintiffs for which similar two-receipt forms were given. Mrs. Blake herself signed and gave plaintiffs such a receipt for the payment made April 19, 1941. At the end of the year plaintiffs desired to exercise the option. Defendants refused to complete the transaction. Plaintiffs made

tender of the $300 down payment and later paid this sum into court pending the outcome of the case.

The plaintiffs have fully performed their part of the bargain. Mr. Blake signed the option. However, Mrs. Blake, as one of the owners by the entireties, did not sign the option and normally this failure on her part would be a fatal defect in the option, bringing it under the statute of frauds. 3 Comp. Laws 1929, § 13413 (Stat. Ann. § 26.908). It is a well-recognized rule that part performance of a contract may take it out of the statute. See 3 Comp. Laws 1929, § 13415 (Stat. Ann. § 26.910). The sole question here is as to whether or not there has been such part performance as to permit a decree of specific performance against her. We approve the decision of the trial judge that there was such part performance.

As previously stated, the defendants deny that Mrs. Blake was at home at the time when the first oral agreement was made; but plaintiffs testify that Mrs. Blake was at home and also gave to the plaintiffs information concerning the cost of heating the house. Mrs. Boelter testified that she discussed the option with Mrs. Blake before it was signed. With the full knowledge of Mrs. Blake plaintiffs moved out of their former home and became occupants of the premises covered by this option. Mrs. Boelter also testified that some months after she and her husband moved into the Cherrylawn avenue house, Mrs. Blake removed certain rosebushes from the premises; and either at or after this time some trouble arose between these two ladies relative to such removal and Mrs. Blake then stated the option was invalid because she had not signed it. However we find nothing in the record indicating a definite repudiation of the option by Mrs. Blake other than her refusal to sign a land contract in accordance

with the terms of the option. And this occurred after Mrs. Blake and Mrs. Boelter had had the altercation concerning the removal of certain bushes or plants and stones from the premises by Mrs. Blake.

Mrs. Blake had signed receipts for "$30 and $10" as previously indicated. Obviously she knew all the facts concerning the written option and by her silence acquiesced in its being given without her signature. She knew of and made no objection to the repairs and alterations made by the plaintiffs in their belief that they were going to purchase the property. Mrs. Blake did not timely indicate to the plaintiffs her intention to consider the option void. She knew of and acquiesced in the plan of monthly payments made for the year, knowing that she and Mr. Blake owned the property by the entireties.

Careful consideration of this record as a whole brings the conclusion that the equities are all in favor of plaintiffs, and that the contract was performed by the plaintiffs with the knowledge of the defendants to the extent equity requires plaintiffs be decreed specific performance. In this jurisdiction there are many decisions to the effect that although oral agreements to convey land are void under the statute of frauds above cited (3 Comp. Laws 1929, § 13413 [Stat. Ann. § 26.908]), yet under the related section of the statute (3 Comp. Laws 1929, § 13415 [Stat. Ann. § 26.910]) a court of equity has the power to grant specific performance of agreements of which there has been part performance; and such relief should be granted when as between the parties an equitable result will thereby be accomplished. *Willard* v. *Shekell*, 236 Mich. 197. The decree of the trial court granting specific performance is affirmed, with costs.

BOYLES, C. J., and CHANDLER, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.