CONSOLIDATED PROPERTIES, INC., *v.* HENRY FORD TRADE SCHOOL ALUMNI ASSOCIATION.

1. JUDGMENT—MOTION FOR ACCELERATED JUDGMENT—COURT RULES.
   The grant of a motion for accelerated judgment which contains several grounds as the basis therefor, without specifying upon which ground said relief is granted, requires that the Court of Appeals search the pleadings, exhibits, the motion, and the respective answers thereto to determine whether any of the grounds set forth in said motion justify the accelerated judgment (GCR 1963, 116).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 8] 41 Am Jur, Pleadings § 340 *et seq.*
[3] 55 Am Jur, Vendor and Purchaser § 5.
[4–6] 49 Am Jur, Statute of Frauds § 168 *et seq.*
[7] 55 Am Jur, Vendor and Purchaser § 15.

2. SAME—ACCELERATED JUDGMENT—STATUTE OF FRAUDS.

Accelerated judgment may be justified on ground that plaintiff's claim is barred by the statute of frauds (CL 1948, § 566.108; GCR 1963, 116.1[5]).

3. VENDOR AND PURCHASER—FRAUDS—STATUTE OF FRAUDS—LAND CONTRACTS.

Every contract for the sale of lands, or any interest in lands, is void unless such contract, or some note or memorandum thereof, be in writing and signed by the vendor (CL 1948, § 566.108).

4. FRAUDS, STATUTE OF—LAND CONTRACTS.

Enforcement of an alleged agreement to sell land, or any interest therein, may not be had where there is no memorandum signed by the vendor, since the statute of frauds declares such a contract to be void (CL 1948, § 566.108).

5. VENDOR AND PURCHASER—STATUTE OF FRAUDS—LAND CONTRACTS.

Claim by plaintiff seeking to enforce an alleged agreement for the sale of land that the trial court erred in granting accelerated judgment for defendants because defendants had accepted plaintiff's written offer to purchase *held*, without merit, where there was no written acceptance from defendants, since the statute of frauds is not overcome when there is no memorandum signed by the vendor (CL 1948, § 566.108).

6. SAME—STATUTE OF FRAUDS—LAND CONTRACTS—OFFER AND ACCEPTANCE—COURT RULES.

Claim by plaintiff seeking to enforce an alleged contract for the sale of land, that the trial court erred in granting accelerated judgment for defendants because plaintiff alleged, by affidavit, that defendant corporation had authorized its attorney to prepare a written offer for submission to plaintiff, that such offer was prepared by said attorney and improperly withheld, but that discovery proceedings, pursuant to court rule, were necessary for plaintiff to establish such facts, *held*, without merit, since absent a communication of such offer, there was nothing for plaintiff to accept (GCR 1963, 116.6).

7. SAME—LAND CONTRACTS—OFFER—ACCEPTANCE.

An offer to sell land, uncommunicated to a purchaser, gives the purchaser nothing to accept.

8. JUDGMENT—ACCELERATED JUDGMENT—STATUTE OF FRAUDS.

Accelerated judgment for defendants in action by plaintiff to enforce alleged agreement for the sale of land *held*, proper,

where the only writings involved were plaintiff's initial offer to purchase, which was admittedly refused, and subsequent correspondence between plaintiff and defendants' attorney, there being no memorandum executed by the vendor, since absent such memorandum, the alleged contract was void under the statute of frauds (CL 1948, § 566.108; GCR 1963, 116).

Appeal from Wayne; Kaufman (Charles), J. Submitted Division 1 April 7, 1967, at Detroit. (Docket No. 1,535.)   Decided July 10, 1967.

Complaint by Consolidated Properties, Inc., a Michigan corporation, against Henry Ford Trade School Alumni Association, a Michigan nonprofit corporation, Walter Homicz and Samuel Cerrito, to compel defendant Association to consummate an alleged sale of certain real estate to plaintiff. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Okrent, Baun & Stalburg,* for plaintiff.

*Lemberg & Gage,* for defendants.

Lesinski, C.J.   The plaintiff appeals from an order granting defendants' motion for accelerated judgment pursuant to GCR 1963, 116, and dismissing the plaintiff's cause of action.

The court below did not state which of the three grounds asserted in the motion constituted the basis for its decision. It is therefore incumbent upon us to search the pleadings, the exhibits, and the motion, along with the respective answers thereto, to determine the one issue before us, namely, the propriety of the granting of the motion for accelerated judgment under the facts of the instant case.

In a letter dated May 19, 1964, and addressed to "To whom it may concern," the defendant Asso-

ciation[1] notified various real estate brokers in the greater Detroit area that it was "in a position to offer the property" here in controversy "for sale at a minimum price of not less than one million dollars ($1,000,000) net to the Henry Ford Trade School Alumni Association." This communication was signed by one B. G. Grimes, purported thereon to be the "Real Estate Chairman." All purchase agreements or requests for additional information were to be directed to the said Mr. Grimes.

One of the brokers who received this notification was Carl S. Andrews, Sr., who interested Consolidated in this property. According to Consolidated's pleadings and brief, it then made an offer for the purchase of the real estate to the Association which was not accepted.

In a letter dated May 11, 1965, counsel for the Association outlined the following information to Mr. Andrews, Consolidated's agent:

1. That he (counsel) had examined the Association records and was satisfied that there was proper authorization for a sale of the property and that if a sale were in accord with this authorization, no further membership action would be necessary.

2. That there was an existing question as to whether legal fees resulting from the hiring of special counsel by the Association in connection with the proposed sale were "a cost involved in closing the transaction" which must be paid by the buyer. Counsel stated that it "would be unwise to leave it [this question] outstanding", and suggested some alternatives for its resolution.

3. That the purchaser might not wish to assume the burden of the stock of Bonnie Brook, Inc., as included in the assets to be sold.

---

[1] The defendant, Henry Ford Trade School Alumni Association, hereinafter will be referred to as the Association, and the plaintiff, Consolidated Properties, Inc., will be referred to as Consolidated.

In a letter dated June 3, 1965, Consolidated's counsel informed Mr. Andrews that "Mr. Korchak's offer"[2] had been accepted by the board of the Association "subject to one exception and some matters of clarification" which he then proceeded to set forth.

Consolidated alleges that the Association's then attorney prepared an *offer* in accordance with the provisions of his letters discussed above which were signed by the Association's officers and which are now in its possession.

On the basis of the above facts and documents, Consolidated brought an action whereby it sought to have the court below order either a mandatory injunction compelling the Association to execute the offer, or in lieu thereof, that the court enter a judgment that certain of the exhibits before it constitute an offer and acceptance and that the judgment order be recorded as a judgment with the like effect of duly executed documents, or other relief.

The Association's motion for accelerated judgment asserted that the court lacked jurisdiction for three reasons.[3] These were alleged to be that the claim was barred by the statute of frauds; that the court could not compel specific performance because of lack of mutuality of obligation and remedy under facts set forth in the plaintiff's complaint and pleadings; and that the complaint and alleged listing offer relied on by the plaintiff are illegal pursuant to the rules and regulations of the Michigan corporation and securities commission, real estate division.

---

[2] Meyer Korchak is president of Consolidated.

[3] We note that the choice of language, "lack of jurisdiction," was technically incorrect; however, it is clear from a reading of the motion that one of the grounds relied upon was that covered by GCR 1963, 116.1(5), as will be discussed *infra.*

GCR 1963, 116.1(5), permits a party to demand that judgment be entered dismissing a claim asserted against it on the ground that said claim is barred by the statute of frauds. This was the first of the three reasons set forth in the Association's motion. The applicable statutory provision is CL 1948, § 566.108 (Stat Ann 1953 Rev § 26.908),[4] which requires a memorandum signed by the vendor. No such memorandum is before us. Consolidated alleges that the documents discussed above constitute an offer, that the statute requires no memorandum of acceptance, and concludes that under the authority of Michigan case law *it* (Consolidated) has accepted the offer.

Assuming, *arguendo,* that some of the documents do constitute an offer, and that the statute requires no memorandum of acceptance, it would require mental gymnastics to conclude that Consolidated—which made the offer—had the power, as well, to do the accepting thereof, without finding a new offer—this one from the Association to Consolidated.

To recapitulate, it is clear that the initial communication was a notice (not an offer) from the Association that certain property was available for sale for a certain price. It is also apparent that Consolidated made an offer which all admit was refused;

---

[4] "Every contract for the leasing for a longer period than 1 year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized in writing: Provided, That whenever any lands or interest in lands shall be sold at public auction and the auctioneer or the clerk of the auction at the time of the sale enters in a sale book a memorandum specifying the description and price of the land sold and the name of the purchaser, such memorandum, together with the auction bills, catalog or written or printed notice of sale containing the name of the person on whose account the sale is made and the terms of sale, shall be deemed a memorandum of the contract of sale within the meaning of this section."

and that further negotiations between the parties ensued.

When Consolidated speaks of the documents which constitute an offer, it has reference to the initial offer of Consolidated (a copy of which is an exhibit) and the letters from the Association's attorney. Consolidated alleges that an agreement embodying the contents of the above documents was then prepared by the attorney pursuant to the Association's authorization therefor and that named officers of the Association were instructed to execute the necessary papers. Consolidated alleges that it has reason to believe that one of these officers executed the document, and that it has been prevented from accepting the offer by the attorney who refused to tender the papers encompassing this offer. Consolidated states that by bringing action prior to the withdrawal of the attorney's authority, it has accepted the offer. The relief sought and denied below is thus clarified.

Consolidated cites this Court to case law which is of no precedential aid to it.[5] The statute of frauds is not overcome where there is no memorandum signed by the vendor.

If the theory is that the offer was made by Consolidated, then there is no acceptance by the Association in the documents presented this Court. The counsel's communications refer to the offer as being

---

[5] In *White* v. *Evangelical Lutheran Salem Church* (1927), 239 Mich 216, the Court held that the vendee's parol acceptance of an agreement signed by the vendor made a binding contract between the parties.

In *Frischkorn* v. *Fitzgerald* (1921), 215 Mich 106, the Court affirmed a decree of specific performance of a 90-day option contract which was in writing and signed by the parties thereto, where, upon refusal of the defendant to perform and, within the 90-day period, the plaintiff commenced an action, paid the down payment into court, and tendered a note and mortgage as provided in the contract with a written statement that he was ready to sign same when a deed was made to him.

Neither a *White* nor a *Frischkorn* situation is before us.

made by Consolidated's president and, until the various questions raised in those communications were resolved and the agreement so resolving them was signed by the vendor or his authorized agent, there was not a sufficient memorandum to satisfy the statute of frauds.

If the other theory asserted by Consolidated is taken, and we assume that an offer was prepared by the Association pursuant to the initial offer by Consolidated as amended by the changes suggested in counsel's letters, then it is Consolidated's position that the only statute of frauds question is whether the attorney had authority to act for the Association and it suggests on appeal that the lower court erred in its failure to utilize GCR 1963, 116.6,[6] as mentioned in a supplemental affidavit filed in opposition to the motion for accelerated judgment, to cause evidence of the attorney's authority to be brought into court.

We cannot agree. If we assume that the offeror is now the Association, the authority of the attorney to make an offer, and even its preparation for submission to the offeree, are not relevant. It is not alleged that such an offer was ever tendered to Consolidated. It is hornbook law that an offer must be communicated. Without this communication there is no offer for the potential offeree to accept or for this Court to consider.

---

[6] "When Affidavits are Unavailable. Either party may state in his affidavit that he cannot present the material facts essential to justify his position because such facts are known only to persons whose affidavits he cannot procure.

"The affidavit shall name such persons and state why their testimony cannot be procured, together with a belief and reasons therefor as to the nature of their probable testimony. Thereupon the court may make such order as may be just, either denying the motion or ordering a continuance to permit the affidavit to be supported by further affidavits to be obtained, or depositions to be taken, or answers to interrogatories to be furnished, or discovery to be had."

The alleged agreement for which Consolidated seeks judicial enforcement is within the mischief sought to be prevented by the statute of frauds.

Since the accelerated judgment could properly have been granted on the ground that the claim was barred by the statute of frauds, we need not discuss the merits of the other two grounds which were a part of defendant's motion for accelerated judgment.

Affirmed. Costs to appellees.

FITZGERALD and J. H. GILLIS, JJ., concurred.