MILLER GLASS CO., INC., *v.* KUSHMAUL

1. FRAUDS, STATUTE OF—DEFENSE—PLEADING—MOTION—PRACTICE.
   The defense of statute of frauds is properly raised by a motion
   for accelerated judgment, and denomination of the motion as
   for "summary or accelerated judgment of dismissal" is a mis-
   nomer causing confusion (CL 1948, § 566.106; GCR 1963, 116.1
   [5]).

2. SPECIFIC PERFORMANCE—PART PERFORMANCE—STATUTE OF FRAUDS.
   Part or full performance of an agreement without a sufficient
   writing for conveyance of an interest in land will, in proper
   circumstances, remove the agreement from operation of the
   statute of frauds and render possible the granting of a judg-
   ment of specific performance (CL 1948, § 566.110).

3. JUDGMENT—ACCELERATED JUDGMENT—WELL-PLEADED ALLEGATIONS.
   All well-pleaded allegations in a complaint must be accepted as
   true for purpose of deciding a motion for accelerated judg-
   ment (GCR 1963, 116).

4. SPECIFIC PERFORMANCE—PART PERFORMANCE—ACCELERATED JUDG-
   MENT—ISSUE OF FACT.
   Allegation in complaint that plaintiff had fully performed its
   part of agreement involving conveyance of real estate raised
   issue of fact which, if resolved in plaintiff's favor, could re-
   sult in judgment in its favor, and trial court erred in grant-
   ing defendant's motion for accelerated judgment on ground of

REFERENCES FOR POINTS IN HEADNOTES

[1] 49 Am Jur, Statute of Frauds § 603.
[2, 4] 49 Am Jur, Statute of Frauds § 419 *et seq.*
[3] 41 Am Jur, Pleading § 343.
[5] 5 Am Jur 2d, Appeal and Error **§ 545.**

statute of frauds (CL 1948, §§ 566.106, 566.110; GCR 1963, 116).

5. APPEAL AND ERROR—PRESERVING QUESTION.

Court of Appeals will not consider on appeal questions raised for first time on appeal and not raised in trial court.

Appeal from Osceola, Wickens (Charles A.), J. Submitted Division 3 June 6, 1968, at Grand Rapids. (Docket No. 4,206.) Decided September 24, 1968.

Complaint by Miller Glass Company, a Michigan corporation, against Harold Kushmaul and Betty Kushmaul for specific performance of agreement to convey real estate. Accelerated judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Lokker, Boter & Dalman,* for plaintiff.

*Robert L. Miles,* for defendants.

C. KAUFMAN, J. This is an appeal by plaintiff to review an order entitled a "Judgment of Dismissal" entered July 26, 1967, by the circuit court for the county of Osceola.

It appears that the plaintiff instituted an action April 10, 1967, requesting specific performance of an alleged agreement to sell and convey real estate. The complaint claims that defendant husband conducted a business known as Miller Glass Co., which had been operated as a sole proprietorship. It further states that on or about May 16, 1960, he caused to be incorporated a company known as Miller Glass Co., Inc., which was to acquire all the assets of the business formerly operated as the sole proprietorship, and continued operating it as a corporation. Plaintiff claims that all the assets and business of

Miller Glass Co. were sold to plaintiff for 6,000 shares of plaintiff corporation and that defendant wife agreed to the sale and to join in the conveyance of any realty used by Miller Glass Co. According to the complaint the realty here in question was to be transferred to plaintiff, and after June 30, 1960, it was carried on the books of plaintiff corporation as an asset and appropriate deductions were taken for tax purposes.

Subsequently, on or about June 20, 1966, defendant husband sold all the stock in plaintiff corporation to Elzinga & Volkers, Inc., and defendants represented that the realty in question was an asset of plaintiff corporation which representation, it is alleged, induced the sale of stock in plaintiff corporation. Plaintiff alleges that it has fully performed the agreement and that it is entitled to a conveyance of the realty in question from defendants.

On July 20, 1967, the defendants moved for "summary or accelerated judgment of dismissal." The sole ground raised was that the statute of frauds, CL 1948, § 566.106 (Stat Ann 1963 Rev § 26.906) barred the action. The misnomer of the motion was ignored by the trial judge who decided the motion on its merits. Despite the apparent confusion, this should and will be considered as a motion for accelerated judgment brought under GCR 1963, 116.1 (5).* The sole issue for this court to decide is whether the granting of an accelerated judgment under the aforesaid section was proper.

At the hearing on the motion, plaintiff cited CL 1948, § 566.110 (Stat Ann 1953 Rev § 26.910) as the basis for raising a question of fact and therefore defeating the motion, since full performance had been

---

* The motion for summary judgment is governed by GCR 1963, 117.

alleged.  The cases are numerous on the point that
part or full performance, in proper circumstances,
will remove the agreement from the operation of the
statute of frauds.  Annotations, Stat Ann 1953
Rev § 26.910.

It is interesting to note that defendants cite *Consolidated Properties, Inc.* v. *Henry Ford Trade
School Alumni Association* (1967), 7 Mich App 383,
to bolster their contention that this complaint is
barred by the statute of frauds.  In that case the
trial judge, the writer of this opinion, granted the
accelerated judgment.  The difference between that
case and the instant case is that in *Consolidated
Properties* the plaintiff did not claim either part or
full performance to take the case outside the statute; rather, it contended that certain documents did
constitute a writing to put the matter within the
statute of frauds.  The trial court determined and
the Court of Appeals affirmed that as a matter of
law there was no sufficient writing to constitute a
compliance with the statute.

The rule is well settled that on a motion for an accelerated judgment, all well-pleaded allegations in
the complaint must not only be considered but accepted as true for the purpose of deciding the motion, *Janiszewski* v. *Behrmann* (1956), 345 Mich 8.
In the instant case, plaintiff alleges an agreement,
full performance by plaintiff and a failure by defendants to convey.  The case of *Kent* v. *Bell* (1965),
374 Mich 646 stands for the proposition that full
performance by a plaintiff of a contract involving
land may suffice to take an oral agreement out of the
statute of frauds.

The fact that the complaint alleges an exception
to the statute of frauds and that an issue of fact is

raised which, if resolved in plaintiff's favor could result in a judgment in its favor, mandates that an accelerated judgment cannot be rendered in this case.

This Court will not consider the defense of the statute of limitations which is raised for the first time on this appeal and is therefore not properly before us.

This matter is remanded to the trial court for a determination on the merits.

Costs to appellants.

McGregor, P. J., and Holbrook, J., concurred.