DOLAN *v.* O. M. SCOTT & SONS

PLEADING—TRIAL—ISSUES.

> Plaintiffs were not entitled to litigate issue of whether a
> warning on a package of fertilizer was adequate where the
> only issue on the point of warning raised by the pleadings and
> at the pretrial conference was whether any warning at all
> appeared on the package, and a directed verdict against them
> was proper.

Appeal from Wayne, Neal Fitzgerald, J.   Submitted Division 1 March 10, 1970, at Detroit. (Docket No. 5,974.)   Decided March 27, 1970.

Complaint by Angela Dolan and Edward Dolan against O. M. Scott & Sons and Frank's Nursery Sales, Inc., for personal injuries resulting from the use of their product.   Directed verdict for defendants.   Plaintiffs appeal.   Affirmed.

*Francis R. Avadenka,* for plaintiffs.

*Garan, Lucow & Miller* (*Daniel Cooper,* of counsel), for defendants.

Before:   T. M. BURNS, P. J., and HOLBROOK and BRONSON, JJ.

---

REFERENCE FOR POINTS IN HEADNOTE
41 Am Jur, Pleadings § 368 *et seq.*

Per Curiam. Plaintiff Edward Dolan purchased from defendant Frank's Nursery Sales, Inc., a bag of "Erase" manufactured by defendant O. M. Scott & Sons. Plaintiff Angela Dolan, Edward's wife, used the product and subsequently developed a contact dermatitis.

Plaintiffs instituted this action against defendants alleging personal injuries resulting from Angela Dolan's use of the product. Plaintiffs by their complaint and in their pretrial statement alleged that the package containing the "Erase" failed to provide any warning of any type concerning the use of this item or the possible dangerous effects of the product.

At trial plaintiffs alleged that the warning actually printed on the package was inadequate and argued that such question was one for jury determination. Defendants objected, stating that plaintiffs were addressing themselves to an issue that had never been properly raised and therefore was not before the court. On this basis the trial court granted defendants' motion for directed verdict. On appeal plaintiffs contend that their proofs at trial raised a question of fact regarding the adequacy of the warnings listed on the package.

Plaintiffs' complaint and pretrial statement both clearly allege that there were no warnings on the package. At no time was it ever alternatively alleged in the pleadings that, if in fact there was a warning, it was in some respect inadequate or insufficient. At no time was there a request by plaintiffs to amend their pleadings. The issue at trial was whether there were any warnings on the package. The issue which plaintiffs now seek to raise was not properly introduced at trial. We will not introduce it by way of appeal. See *Snider* v. *Dunn* (1968), 11 Mich App 39; *Miller Glass Co., Inc.,* v. *Kushmaul* (1968), 13 Mich App 346.

The trial court found that a warning was printed on the package. This foreclosed further consideration of the question in controversy. Therefore, it was not error for the trial court to grant the defense motion for directed verdict.

Affirmed.