PONTIAC OSTEOPATHIC HOSPITAL v. SERVICE EM-
PLOYEES INTERNATIONAL UNION, LOCAL 79, AFL-CIO

1. ARBITRATION AND AWARD—BINDING ABRITRATION—VACATION—COL-
LECTIVE BARGAINING AGREEMENT.

   A party to a collective bargaining agreement who voluntarily
   submitted, in accordance with the terms of the agreement, to
   binding arbitration, has the right to seek vacation of the
   arbitrator's award in circuit court.

2. ARBITRATION AND AWARD—AGREEMENT TO ARBITRATE—LAW OF THE
CASE.

   An agreement of arbitration entered into between parties is
   the law of the case.

3. ARBITRATION AND AWARD—BINDING ARBITRATION—AWARD.

   An award based upon an agreement of arbitration must stand,
   in the absence of fraud or mistake, but arbitrary award outside
   the scope of the agreement is not binding because it has no
   legal sanction.

4. ARBITRATION AND AWARD—VACATION—BAR—COURT RULES.

   An arbitration award does not constitute another "disposition
   of the claim before commencement of plaintiff's action" which
   would bar an action to vacate a portion of that award (GCR
   1963, 116.1[5]).

5. ARBITRATION AND AWARD—ARBITRATOR'S AUTHORITY—LABOR RE-
LATIONS—DISMISSAL AND NONSUIT—JURISDICTION.

   Dismissal of plaintiff's complaint was error where plaintiff al-
   leged that an arbitration agreement was entered into under
   the terms of a collective bargaining agreement, that the only
   issue before the arbitrator was the nature of union stewards'
   participation in a walkout, that the arbitrator determined the

REFERENCE FOR POINTS IN HEADNOTES

[1-5] 5 Am Jur 2d, Arbitration and Award §§ 167, 168.

illegality of that participation, and that, nevertheless, the arbitrator ordered the rehiring of the stewards, because the complaint alleged facts which, if proven, would establish jurisdiction in the circuit court to decide the scope of the arbitrator's authority.

Appeal from Oakland, Farrell E. Roberts, J. Submitted Division 2 April 16, 1970, at Detroit. (Docket No. 7,258.) Decided June 24, 1970. Rehearing denied August 6, 1970. Leave to appeal granted December 31, 1970. 384 Mich 793.

Complaint by Pontiac Osteopathic Hospital against Service Employees International Union, Local 79, AFL-CIO, and Florence Beach, Burnadette Gilmette and Rosa Lee Shorters, to set aside an arbitrator's award. Defendants' motion for accelerated judgment granted. Plaintiff appeals. Reversed and remanded.

*Leonard Meldman,* for plaintiff.

*Haggerty & Franklin,* for defendants.

Before: Lesinski, C. J., and Quinn and O'Hara,* JJ.

Lesinski, C. J. On may 23, 1968, many employees of the Pontiac Osteopathic Hospital participated in a "walkout." Subsequently the hospital discharged Florence Beach, Burnadette Gilmette and Rosa Lee Shorters, defendants herein, from employment, alleging the illegality of their participation in the walkout. The three individual defendants, stewards of defendant union, claimed the discharges were unjustified and not in accordance with the terms of

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

the existent collective bargaining agreement.  Pursuant to that agreement, the matter was submitted to binding arbitration.

On January 13, 1969, after eight hearings, the arbitrator made his award, finding that the walkout was an illegal strike, that defendants Beach and Shorters were seriously involved in the walkout, that defendant Gilmette was "less involved" in the walkout than the other two women, and that the following discipline was proper:

"Award
"The discharges of the three women are set aside and changed as follows:
"1. Rosa Lee Shorters shall be reinstated effective March 23, 1969 without back pay;
"2. Florence Beach shall be reinstated effective March 23, 1969 without back pay;
"3. Burnadette Gilmette shall be reinstated as of September 23, 1968 with back pay from September 23, 1968 less applicable municipal, state and Federal taxes and less any wages or income earned subsequent to September 23, 1968."

On January 24, 1969, the hospital filed a *sworn complaint,* in Oakland County Circuit Court, seeking to vacate the *portion of the award reinstating the defendants.*  The complaint alleged, *inter alia*:

"(4) That the said defendants filed grievances and took the discharge to arbitration under the terms of said collective bargaining contract.
"(5) That at said arbitration hearing before Edward Froelich [*sic*] the parties agreed that the only issue was as follows:
" 'As I see it, there is one issue—What were the union stewards doing (during the strike)?
" '(a)  Were they participating?
" '(b) Were they trying to get the employees back?'
and the only question in dispute before the arbitrator

was whether or not the said employees were involved in said offense.

"(6) That the arbitrator made the following finding:

" 'However, as indicated, the arbitrator is of the opinion that the two union stewards namely, Mesdames Shorters and Beach, were "behind" the walkout.'

*     *     *

"(9) That the arbitrator, in spite of his findings, ordered that the said employees be rehired by the plaintiff contrary to his powers."

On February 14, 1969, defendants filed a motion for accelerated judgment, unsupported by affidavit, pursuant to GCR 1963, 116, alleging that the court lacked jurisdiction over the subject matter of the plaintiff's claim (GCR 1963, 116.1[1]), or that the claim is barred because of other disposition of the claim before commencement of plaintiff's action (GCR 1963, 116.1[5]). After oral argument, the lower court entered its order granting defendant's motion and dismissing plaintiff's entire complaint for the reason that "the claim of the plaintiff is barred". Plaintiff appeals this order as of right.

Although the parties to the collective bargaining agreement voluntarily submitted, in accordance with the terms of the agreement, to *binding* arbitration, there can be no doubt as to the right of *either* party to seek vacation of the arbitrator's award in circuit court. The grounds of such relief were clearly stated in *Stowe* v. *Mutual Home Builders Corporation* (1930), 252 Mich 492, 497, 498:

"Arbitrators derive all their power and authority from the law. The agreement of arbitration entered into between the parties is the law of the case. An award based upon the agreement of arbitration must

stand, in the absence of fraud or mistake, but an arbitrary award outside of the scope of the agreement of arbitration is not binding upon anyone, because it has no legal sanction. It is clear in this case the thing submitted to arbitration was the amount due on a written contract. This has not been determined. The order of confirmation and the award of the arbitrators is set aside, with costs to appellant."

Thus, the existence of the prior award does not constitute another "disposition of the claim before commencement of plaintiff's action" which would bar the instant action under GCR 1963, 116.1(5).

Since the defendants' motion was alternatively based on the ground of lack of subject matter jurisdiction (GCR 1963, 116.1[1]), we must determine if, accepting as true all well pleaded facts in the plaintiff's complaint, subject matter jurisdiction is established. *Miller Glass Co., Inc.* v. *Kushmaul* (1968), 13 Mich App 346, 349. The plaintiff alleged in a sworn complaint** that the arbitration was entered into under the terms of the collective bargaining agreement, that the only issue before the arbitrator was the nature of the stewards' participation in the walkout, that the arbitrator determined the illegality of said participation, and that, nevertheless, the arbitrator ordered the rehiring of the stewards. On the face of the complaint the plaintiff has alleged facts which, if proven, *would establish* jurisdiction in the circuit court to decide the question of the scope of the arbitrator's authority. *Stowe* v. *Mutual Home Builders Corporation, supra.* The trial court, therefore erred in dismissing the plaintiff's complaint.

The cause is remanded for proceedings, not inconsistent with this opinion, directed at resolution

** See GCR 1963, 116.3.

of the factual question of the scope of the issue submitted to the arbitrator.

Reversed and remanded.

All concurred.