ZABORSKI *v.* KUTYLA

1. FRAUDS, STATUTE OF — PART PERFORMANCE — ORAL CONTRACT — LAND.

Part performance of an oral contract to convey an interest in land may remove the contract from the operation of the statute of frauds.

2. FRAUDS, STATUTE OF—LAND—IMPROVEMENTS—ORAL CONTRACT.

Making improvements upon land held in possession under an oral land contract may remove that contract from the operation of the statute of frauds.

3. FRAUDS, STATUTE OF—LAND—PART PAYMENT—ORAL CONTRACT.

Payment of money pursuant to an oral land contract is a factor to consider in deciding whether the statute of frauds prevents enforcement of that contract.

4. MOTIONS—DIRECTED VERDICT—WEIGHT OF EVIDENCE.

When a motion for directed verdict or judgment notwithstanding the verdict is made, the trial court must view the evidence in the light most favorable to the party opposing the motion.

5. MOTIONS—DIRECTED VERDICT—WEIGHT OF EVIDENCE.

A verdict should not be directed against a party unless his proofs, as a matter of law, and when given the strongest probative force, are not of sufficient weight to justify submitting the issue to the trier of fact.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] Doctrine of part performance in suits for specific performance of parole contract to convey real property. 101 ALR 923.
[1] 49 Am Jur, Statute of Frauds §§ 419, 494.
[2] 49 Am Jur, Statute of Frauds § 449 *et seq.*
[3] 49 Am Jur, Statute of Frauds § 459 *et seq.*
[4–6] 30 Am Jur 2d, Evidence § 1086.

6. MOTIONS—DIRECTED VERDICT—EVIDENCE—LAND CONTRACTS.

  The trial court failed to view the evidence in the light most favorable to plaintiffs against whom a verdict was directed where receipts from monthly payments were regarded as rent payments rather than as payments under a land contract, as alleged by plaintiffs, because the pre-printed form of the receipt purported to be a receipt for rent, but the evidence favorable to plaintiffs, namely that at least one receipt was not labelled rent, was not given enough consideration and where the findings of the court as to testimony and exhibits showing a $6,000 down payment and repairs and improvements made by plaintiffs were unclear.

Appeal from Macomb, Alton H. Noe, J. Submitted Division 2 December 10, 1970, at Lansing. (Docket No. 8468.) Decided January 21, 1971.

Complaint by Steve Zaborski and Maxine Zaborski against Mary Kutyla and Joseph Kaczwara for declaratory judgment determining rights in real property. Summary judgment for defendants. Plaintiffs appeal. Reversed and remanded for new trial.

*Seymour Berger,* for plaintiffs.

*Cooper, Baskin & Feldstein,* for defendants.

Before: McGREGOR, P. J., and T. M. BURNS and ANDREWS,* JJ.

McGREGOR, J. The plaintiffs' complaint alleged that they had entered into a contract with defendant Kaczwara to purchase some real estate. The land contract allegedly required defendants to convey a parcel of five acres for a price of $15,000, the terms being $6,000 down payment, with a balance to be paid at $125 per month. The date of the agreement

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was said to be October 18, 1963. The complaint further alleged the payment of the $6,000 down and the execution of a land contract, which was signed by plaintiffs and then taken to defendant Kaczwara for a correction, but which had never been returned to them. They allege that they had continued to make monthly payments as well as having uninterrupted possession of the property, and that they had made improvements thereon.

Defendants Kutyla and Kaczwara were married and divorced subsequent to the October 1963 date. As a consequence of the divorce settlement, Kaczwara deeded the property in question to Kutyla, who subsequently commenced eviction proceedings against the Zaborskis. This declaratory action followed, asking the court for a determination of the rights in the property.

Defendant Kutyla's answer denied the existence of the alleged contract between plaintiffs and defendant Kaczwara, and raised the defense of the statute of frauds. MCLA § 566.106 (Stat Ann 1953 Rev § 26.906).

Defendant Kaczwara answered separately, alleging an agreement between the parties that was different from the one set out by the plaintiffs. Kaczwara alleged an agreement, executed on January 7, 1964, which was an offer by the plaintiffs to purchase seven acres at a price of $26,000; that the agreement further called for a down payment of $6,000, with the balance to be paid at $125 per month, with interest at the rate of 6% per annum.

The case was heard by the court, sitting without a jury, on October 7, 1969. At the close of plaintiffs' proofs, counsel for defendant Kutyla moved for a dismissal. The court stated that plaintiffs had failed to meet their burden of proof and granted

the motion for summary judgment. Plaintiffs appeal that decision as of right.

The law in Michigan is clear that partial performance of an oral contract to convey an interest in land may remove that contract from the operation of the statute of frauds. *Boelter* v. *Blake* (1943), 307 Mich 447; *White* v. *Lenawee County Savings Bank* (1941), 299 Mich 109; *Miller Glass Company, Inc.* v. *Kushmaul* (1968), 13 Mich App 346. Possession and improvements in regard to the property may remove it from the statute. *Jedlick* v. *Burke* (1947), 318 Mich 426; *Atkinson* v. *Akin* (1917), 197 Mich 289; *Lyle* v. *Munson* (1921), 213 Mich 250. Payment of money pursuant to the contract is another factor to consider. *Daugherty* v. *Poppen* (1947), 316 Mich 430; *Hatch* v. *Wolack* (1947), 316 Mich 258. In the instant case, plaintiffs have alleged that they paid defendant Kaczwara the sum of $6,000 as down payment, and that they continued to make payments pursuant to the land contract, in the amount of $125 per month. Further, the plaintiffs have remained in possession of the property since 1963, and have made substantial improvements thereon.

In granting defendants' motion for directed verdict at the close of plaintiffs' case, the trial court stated that the plaintiffs had failed to meet their burden of proof. The law in Michigan is that, when a motion for directed verdict or judgment notwithstanding the verdict is made, the evidence should be viewed in the light most favorable to the party opposing the motion. *Bajdek* v. *Toren* (1969), 382 Mich 151. When such a determination is reviewed, the specific question for the Court of Appeals is whether it can be said as a matter of law, giving plaintiffs' proofs their strongest probative force, that the evidence was not sufficient to justify sub-

mitting the issue to the trier of fact. *Brusslan* v. *Larsen* (1967), 6 Mich App 680.

Our examination of the record reveals that the court did not review the evidence and inferences in the light most favorable to the plaintiffs. The court treated the receipts for monthly payments as rent payments, primarily on the strength of the pre-printed form, in spite of the fact that plaintiffs had contended that they were monthly payments on the alleged land contract, and had at least one receipt which was not labelled "rent". This is clearly not the most favorable light for the plaintiffs. Further, the court's findings are unclear regarding the testimony and exhibits showing the $6,000 payment to defendant Kaczwara, as well as the testimony as to repairs and improvements made on the property by the plaintiffs.

The findings of the trial judge are hazy and inconclusive. We are unable to establish the basis of his holdings.

Reversed and remanded for new trial. Costs to plaintiffs.

All concurred.