## The Township of Leoni v. Ebenezer Taylor.

*Action:  Liability of Townships.*  Townships are under no legal obligation to keep in repair bridges and culverts within their limits; and therefore they are not liable under the act of 1861, (*No. 197, p. 407*) for damages occasioned by neglect to keep such bridges and culverts in repair.—*Martin v. Highway Commissioners of Niles*, 4 *Mich.*, 557, cited and approved.

*Construction of statutes.*  In the construction of statutes the intention of the Legislature is undoubtedly the end to be sought; but such construction should not be repugnant to the clear meaning of the words.

*Heard April 6.  Decided April 12.*

Error to Jackson Circuit.

This was an action on the case brought by Ebenezer Taylor against the Township of Leoni.  The declaration averred the existence in the township of Leoni, of a certain public highway which crosses a stream; that over and across said stream, is a bridge which belongs to and is a part of such public highway; " and that defendant was authorized and compelled by law to keep such bridge in repair, and safe for the use of the public, as aforesaid; that said bridge was defective, out of repair and unsafe," &c., and further averring that "while in the act of crossing the aforesaid bridge, and without any fault or negligence on his part, and by reason of said bridge being defective and out of repair," the plaintiff's horses were injured, and that by reason of such injuries, the said plaintiff is greatly damnified, &c.

The plea was the general issue.

On the trial the defendant requested the Circuit Judge to charge the jury:

*First.*—That there is no liability in any event on the part of the township to this action.

*Second.*—That the only power the township has over the repair of highways and bridges, is that which it may exercise at the annual meeting.

*Third.*—That the township is not liable for the neglect of the Commissioners of Highways, or for the neglect of the Overseers of Highways.

*Fourth.*—That the township has no power to give the slightest direction or instruction to these officers as to the performance of their duties.

The Circuit Judge refused so to charge; and the defendant excepted. The jury rendered a verdict for the plaintiff, and the judgment entered thereon is brought into this Court by writ of error.

*John D. Conely,* for plaintiff in error.

I. At common law there was no obligation on the part of townships to keep highways in repair.—*Morey v. Newfane, 8 Barb., 645; Hickok v. Trustees, &c., 15 Barb., 427; Fishkill v. Fishkill, &c., 22 Barb., 634; Galen v. Clyde, &c., 27 Barb., 551; Peck v. Batavia, 32 Barb., 638; Commissioners v. Martin, 4 Mich., 557.*

II. The township has no power to give directions to the Highway Commissioners, or other town officers respecting their duties, and the township officers are in no sense the agents or servants of the township; nor is the township in any way responsible for the neglect of the Commissioners or Overseers.—*Lorillard v. Monroe, 12 Barb., 161; s. c. 11 N. Y., 392; Onderdonk v. Brooklyn, 31 Barb., 505; Martin v. Brooklyn, 1 Hill, 545.*

III. It is unnecessary here to consider whether the principle upon which cities and villages are made liable in similar cases, arises in the nature of a contract or not, for the reason that in such cases the duty is directly imposed by statute, and means adequate are provided.—*Cole v. Medina, 27 Barb., 218; Beard v. Brooklyn, 31 Barb., 142; Conrad v. Ithaca, 16 N. Y., 158; West v. Brockport, 16 N. Y., 161.*

IV. The extent of the duty resting upon a township or city depends upon the means provided for its performance; and while responsible for neglect where reasonable diligence has not been exercised, it is not responsible where it is not reasonably capable of acting efficiently by its proper agen-

cies.—*Detroit v. Corey, 9 Mich., 175, 190 ; Dewey v. Detroit, 15 Mich., 312, 317 ; Commissioners v. Martin, 4 Mich., 557, 560.*

V. A township is not liable for the misfeasance or nonfeasance of one of its officers in respect to a duty specifically imposed upon such officer, but the remedy is against the delinquent officer himself.—*Fish v. Dodge, 38 Barb., 163, 172; Robinson v. Chamberlain, 34 N. Y., 389.*

VI. Since the decision in *4th Michigan,* no additional powers respecting highways have been given to townships, nor have any additional duties been imposed.

VII. The only question is as to the construction of the act of 1861.—*Laws 1861, pp. 407, 408.*

VIII. Statutes in derogation of the common law must be construed strictly, and their provisions can be enforced no further than they are clearly expressed.—*Sibley v. Smith, 2 Mich., 490.*

IX. Statutes passed against the plain and obvious principles of common right and common reason, have by some writers been thought to be null and void so far as they are calculated to operate against those principles. At any rate, statutes ought to be construed to avoid, so far as may be, any violation of those principles.—*1 Bishop Criminal Law,* see *53–54; People v. Gallagher, 4 Mich., 244, 248 ; Cochran v. Van Surlay, 20 Wend., 381, 382 ; Donaldson v. Wood, 22 Wend., 365, 396.*

X. It is not necessary to claim that this act is void. It is effective as to corporations, other than townships, but further legislation is needed to give it full effect in townships. Until the Legislature shall impose some duty on townships respecting highways, and shall provide agencies adequate to the performance of such duties, the statute remains suspended as to such townships. It is not unreasonable to suppose that the Legislature of 1861 expected that further legislation should be had.

*D. Johnson,* for defendant in error.

The Court in this case was requested to charge, in substance, that the statute of 1861, page 407, was a nullity so far as it relates to townships, that no liability was imposed upon them by the said statute ; and error is assigned upon the refusal so to charge, and this leads to the construction of said statute.

Now the construction of the statute must depend upon the sense in which the Legislature used the term DUTY.

We concede they did not intend by this act to impose any newer DUTIES upon townships, but it is certain they did intend to make townships liable for injuries of this character. The argument advanced is that no duty can be imposed without a penalty. The well considered case of the *Commissioners of the Township of Niles v. Nathaniel Martin,* decided by this Court and reported in *4 Mich., 556,* holds that townships are not liable to damages at the suit of a party injured, but it by no means decides that it is not the DUTY of townships to keep in repair the highways and bridges of their respective townships. They are not liable to damages, but it nevertheless is a duty imposed by law, and the Legislature so understood it, otherwise the act of 1861 is of no force.

It becomes the duty of each township to annually elect Commissioners and Overseers of Highways, and it becomes their duty to keep the highways and bridges in repair, and a tax is assessed for that purpose, and these officers are required to give bonds to their respective townships for the faithful performance of their duties. See chap. 12 Compiled laws. Then in what sense can it be said townships have no duties in this regard.

Among the many rules laid down in the books for a construction of statutes, it is proposed for the purposes of this case to refer to one, *1 Kent, p. 467,* " For the sure and true interpretation of all statutes, whether penal or bene-

ficient, four things are to be considered. What was the common law before the act? What was the mischief against which the common law did not provide? What remedy the Parliament had provided to cure the defect? And the true reason of the remedy? It was held to be the duty of the Judges to make such a construction as should repress the mischief and advance the remedy."

The mischief and the remedy are, then, the main things to be taken into consideration. What was the mischief? Why, that townships could with impunity suffer their highways and bridges to get out of repair. What is the remedy? To make them pay damages, and that is sufficient for the purpose. And if THAT was not the intention of the Legislature then the whole act is nugatory and to declare THAT, would violate another rule of construction, viz: that courts will give some effect to statutes where it is possible. And we submit that it is not literally true that no DUTY was imposed upon townships in this regard : but conceding it to be true, is not the whole language of the act so clear as to make it manifest what the intention was? And if it was not to make townships liable we submit it has no meaning whatever.

GRAVES, J.

This is a writ of error to the Circuit Court for the County of Jackson.

The defendant in error, while travelling over a public bridge in said township, received an injury in consequence of the unsafe and defective condition of the bridge, and on suit brought, recovered a judgment in the Court below against the township for his damages occasioned by such injury. The accident occurred and suit was brought and determined in 1869, and the only question now to be decided is whether the township was subject to prosecution for the damages occasioned by the insufficiency of the bridge.

The plaintiff in error claims that, notwithstanding the

act of 1861, (*Laws 1861, p. 407*,) the law gives no remedy against a township in such a case, and the defendant in error concedes that no action would lie without the aid of such statute, but contends that the effect of that law is to authorize a suit against the township in every instance like the present. It is therefore seen that the decision of the case depends upon the proper construction of the act of 1861.

The law as it stood before the passage of that statute, was critically examined in the well considered case of *Martin v. the Highway Commissioners of the Township of Niles*, decided in 1857, and reported in *4 Mich., 557*.

It is true that the action was there brought against the Highway Commissioners; but a proper disposition of the case made it necessary for the Court to consider with some minuteness the powers, duties, and responsibilities of townships touching highways and bridges, and it was there held that under our system of township organization and management " the care and superintendence of the highways and bridges of the towns was given to the Highway Commissioners, together with all the powers requisite to the execution of their trust," and that the " towns had no power to give the slightest direction or instruction to such officers as to the performance of their *duties*," and it was also declared that " the law would not impose an unqualified obligation when the means of performing it did not exist."

We think it was fully established in that case that the townships were subject to no legal duty or obligation to overlook or repair the roads and bridges within their limits, and that whatever duty the law had cast upon Commissioners and Overseers in that particular, the failure to perform it, could furnish no cause of action against the townships.

A little over four years subsequent to that decision the Legislature passed the act relied upon by defendant in error, to support the present action. By referring to that law it will be seen that an action is thereby authorized

against a township lying under a *duty* to repair and *neglecting* it, but that the remedy does not purport to be given against a township guilty of no neglect and subject to no duty.

We have not been able to discover, nor is it claimed that any other legislation has occurred since the case of *Martin v. The Highway Commissioners*, of a nature to exclude the application of that decision; and, as a consequence, unless the act of 1861 can have that effect, it is manifest that the judgment of the Circuit Court in this case cannot be sustained.

But it is argued for the plaintiff in error, that the last mentioned statute, while not meant to impose any new duties upon townships, was really intended to make them liable for all such injuries as those in question, and that the Legislature in enacting the law of 1861 inserted the word "duty" to mark the obligation of townships to raise taxes for highways and bridges within their limits, and likewise to point to the generally acknowledged political responsibility of the towns for the skill and fidelity of those chosen to act as Overseers and Commissioners.

We think, however, this view is somewhat too refined to serve in the exposition of this statute. It gives to important and qualifying phrases, a sense quite different from that which common and approved usage will sanction,—(*1 clause,* § *3, Chap. 1, R. S. 1846; Dwarris 573,*) and assumes that the Legislature adopted a form of expression quite inappropriate to convey their real meaning, while the subject was unembarrassed by any difficulty in selecting words which would express their intent explicitly and clearly.

But aside from these objections, the consequence of adopting the proposed interpretation would be the rejection in substance of those qualifications in the act which seem to us to be plainly a part of it, and this we apprehend would be tantamount to a judicial amendment of the law. In every exposition of a statute, the intention of the Legislature is un-

doubtedly the end to be sought; but the construction to be given should not be repugnant to the clear meaning of the words. The courts are not at liberty, in order to effectuate what they may suppose to have been the intention of the Legislature, to put a construction upon the enactment not supported by the words, though the consequences should be to defeat the object of the act. When the meaning of the words is plain and obvious, the only safe course is to suppose the Legislature to have intended those things which the words denote, and to abstain from all attempts to discover a different meaning by suppositions and conjectures. *Dwarris 581, 582.*

The expressions now in question appear to have been carefully chosen by the framers of the statute, and their sense is so clear and well understood, that we do not feel at liberty to force upon them the different and very inapt meaning contended for by defendant in error. They plainly import a legal duty resting on the townships to repair, and a neglect of that duty. That a legal duty was intended, seems sufficiently evident, since no other could be predicated of a legal entity, and since also the neglect of no other duty would be likely to be visited by such serious consequences, as are made to follow here.

As, without the law of 1861, there has been no legislative act imposing duties upon townships to maintain and repair the bridges within their limits since the case of *Martin v. The Highway Commissioners,* and, as the view we are compelled to take of that law, leaves the townships in the same position as to the existence of any duty resting upon them, which they occupied when the case above mentioned was decided, it necessarily results that the judgment of the Court below was erroneous and should be reversed.

The law of 1861 will not be rendered nugatory, by the effect of this decision, since by its express provisions it was made to apply to corporations which were and are responsible for the condition of their ways and bridges,

and the Legislature may hereafter deem it proper to adopt such regulations as to give it practical operation in the case of townships.

The judgment of the Court below must be reversed with costs.

The other Justices concurred.