CHARLES J. BURNHAM v. THE TOWNSHIP OF BYRON.

*Liability of township for injury from defect in highway*

A township under the statute of 1879 (General Laws, p. 223) is liable to a party who is injured by reason of a defect in a public highway along which he is passing.

Error to Kent. Submitted June 30. Decided Oct. 5.

CASE. Plaintiff brings error. Reversed.

*Burlingame & Rogers* for plaintiff in error.

*Hughes, O'Brien & Smiley* for defendant in error.

COOLEY, J. The plaintiff in this case seeks to recover of the township for an injury sustained by him in consequence of a bridge on one of its public highways being out of repair when he was lawfully passing over the same. The allegation of injury is that being traveling and passing along said highway on horseback, and in the act of passing across the bridge in a careful and prudent manner, the plaintiff's horse, without any fault of the plaintiff, became entangled in loose planks of the bridge, and thereby tripped, stumbled, and became frightened and unmanageable, and threw the plaintiff violently to the ground, etc. The duty of the township to keep the bridge in repair is averred, and also that it had notice of the want of repair, and reasonable time

and opportunity to repair it, but that it neglected to do so. Also that the highway had been ten years in use. A plea of the general issue was interposed, but on the trial the defendant objected to any evidence on the part of the plaintiff, on the ground that the declaration disclosed no cause of action, and the court sustained the objection. The case comes up on writ of error after judgment for defendant.

It was held in *Commissioners of Highways v. Martin* 4 Mich. 557, that in this State townships were not liable at common law for injuries occasioned by neglect to keep highways in repair, and also that no existing statute had imposed the duty. The ground of the decision was that the duty to keep the highways in repair was not a township duty, but one which the statute had imposed upon certain highway officers. In 1861 the Legislature with a view, perhaps, to change this rule passed an act, the first section of which declared "that any person or persons sustaining bodily injury upon any of the public highways in this State, by reason of neglect to keep in repair any bridge or culvert by any township or corporation whose duty it is to keep such bridge or culvert in repair, such township or corporation shall be liable to, and shall pay to the person or persons so injured or disabled, just damages, to be recovered in an action of trespass on the case, before any court of competent jurisdiction." The second section extended the remedy to the cases of injury to horses and other property, and made provision for the levy of taxes to pay judgments against townships. Comp. L. §§ 1323, 1324.

In *Leoni v. Taylor* 20 Mich. 148, the act of 1861 was held to be ineffectual so far as townships were concerned, for the reason that as yet no statute had imposed upon townships the duty to keep in repair the highways, bridges and culverts. That duty remained as it was before, the duty of certain highway officers, and not a township duty. The attention of the Legislature was again called to the subject in 1879, and a statute more careful and particular in its provisions was enacted. The first section provides, "That any

person or persons sustaining bodily injury upon any of the
public highways or streets in this State, by reason of
neglect to keep such public highways or streets, and all
bridges, cross-walks and culverts on the same in good
repair, and in a condition reasonably safe and fit for travel,
by the township, village, city or corporation whose corpor-
ate authority extends over such public highway, street,
bridge, cross-walk or culvert, and whose duty it is to keep
the same in good repair, such township, village, city or cor-
poration shall be liable to, and shall pay to the person or persons
so injured or disabled, just damages, to be recovered in an
action of trespass on the case, before any court of competent
jurisdiction." The second section extends the right of action
to the case of injury to animals or other property; the third
makes provision for the payment of judgments; and the
fourth declares "It is hereby made the duty of townships,
villages, cities or corporations to keep in good repair, so that
they shall be safe and convenient for public travel at all times,
all public highways, streets, bridges, cross-walks, and cul-
verts that are within their jurisdiction and under their care
and control, and which are open to public travel." Also
that "Highway commissioners, street commissioners, and all
other officers having special charge of highways, streets,
bridges, cross-walks or culverts, and the care or repairs thereof,
are hereby made and declared to be officers of the township,
village, city, or corporation wherein they are elected or
appointed, and shall be subject to the general direction of
such township, village, city, or corporate authorities, in the
discharge of their several duties." The fifth section appar-
ently limits the remedy to cases of injuries on highways
which have been in use for ten years. General Laws
1879, pp. 223, 224.

It is said on behalf of the defendant that notwithstanding
these broad provisions the duty in townships to keep high-
ways in repair is not a township duty, but still remains as it
was before, the duty of the highway commissioners. Indeed
this fact is recognized and declared by the same Legislature
which passed the act last mentioned—see General Laws 1879,

p. 111—and it must be admitted that highway commission-
ers are constitutional officers—Const. art. 11, § 1—and that
no provision has been made by law whereby these offi-
cers can be made subject to the general direction of the
township, as this statute seems to contemplate.

There can be no question, however, of the power of the
Legislature to make the municipalities liable for such injur-
ies, independent of any question where the duty to keep in
repair is located, or upon whom it is imposed. The ques-
tion is one of policy, not of power. And directing our
attention to this act of 1879, the question resolves itself into
this : Has the Legislature by this act clearly evinced its intent
that the 'townships shall be liable? On this question we
think there is no room for reasonable doubt. The duty of
the township to keep its public ways in repair is declared in
plain and positive terms for the very purpose of covering
the defect in the previous legislation. In effect the fourth
section of the act declares that the neglect of the highway
officers shall be imputed to the corporation by whose people
they are chosen and within whose limits they exercise their
authority.

It follows that the judgment must be reversed, with
costs, and the case remanded for trial.

The other Justices concurred.

Isaac E. Messmore v. John Huggard and Francis Hug-
gard.

*Purchase of mortgaged lands by judgment creditor at execution sale only
covers equity of redemption—Intention to contest mortgage should be
made known to other bidders.*

Complainant having a judgment against A. caused execution to be levied
on lands and a sale made at which he became the purchaser. The
land was duly conveyed to him in pursuance of this sale after time
for redemption had expired. He then filed his bill in equity against
A. & B., alleging that previous to his levy A. had given to B. a