JOHNSON v. STATE OF MICHIGAN

1. HIGHWAYS — NEGLIGENCE — STATE'S LIABILITY — STATUTES — CONSTRUCTION.

Statute waiving the immunity of the state for tort liability arising out of the maintenance of state trunkline highways must be strictly construed (MCLA § 691.1401 et seq.).

2. HIGHWAYS—HIGHWAY SHOULDERS—STATUTES.

The state is statutorily obligated to maintain highway shoulders in reasonable repair so that they are reasonably safe for their intended use as adjuncts of the paved portion of the highway (MCLA § 691.1402).

3. HIGHWAYS — HIGHWAY SHOULDERS — NEGLIGENCE — STATUTES — FACT QUESTION.

Whether the state had met its duty to keep a highway shoulder in reasonable repair was a question of fact where the plaintiff driver was injured when trying to return her car to the paved portion of the highway from the shoulder, six inches lower than the paved portion; the state's fulfillment of its duty depends on issues such as the extent of the six-inch height differential, the cause of the differential, and the use the plaintiff was making of the shoulder. (MCLA § 691.1401 et seq.).

Appeal from Court of Claims, Leo W. Corkin, J. Submitted Division 2 January 8, 1971, at Lansing. (Docket No. 9803.) Decided March 26, 1971. Leave to appeal denied, 385 Mich 762.

Complaint by James C. Johnson and Barbara C. Johnson against the State of Michigan for damages

REFERENCES FOR POINTS IN HEADNOTES

[1] 49 Am Jur, States, Territories, and Dependencies §§ 73, 77.
[2, 3] Public's liability for motor vehicle accident as affected by condition of shoulder of road. 52 ALR2d 1403.

incurred because of a defective highway shoulder. Summary judgment for defendant. Plaintiffs appeal. Reversed.

*Sinclair, Edwards & Clulo* (by *Herbert H. Edwards*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Myron A. McMillan,* Assistants Attorney General, for defendant.

Before: QUINN, P. J., and BRONSON and O'HARA,[*] JJ.

QUINN, P. J. The Court of Claims granted defendant's motion for summary judgment on the basis plaintiffs had failed to state a claim upon which relief could be granted. GCR 1963, 117.2(1). Plaintiffs appeal.

About 6:30 a.m., September 15, 1969, Barbara Johnson was operating a Volkswagen automobile in the southernmost lane of the westbound lanes of US–10, a state trunkline four-lane divided highway. The pavement was dry and atmospheric conditions were normal  In negotiating a curve to her right at a speed of 60 to 65 miles per hour, the automobile Barbara Johnson was driving left the pavement for some reason not apparent from the record. In attempting to return to the paved portion of the road from the shoulder, which was six inches lower than the paved portion, Barbara Johnson lost control of the Volkswagen when its wheels struck the six inch concrete, and the accident ensued.

---

[*] Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Alleging that the highway was defective because the shoulder was six inches lower than the pavement and that this condition had existed for six months, plaintiffs asserted liability against the state under MCLA § 691.1402 (Stat Ann 1969 Rev § 3.996[102]). Contending that the state was liable only for defects in the improved portion of the highway designed for vehicular travel, which did not include the shoulder, defendant asserted it was not liable.

The immunity of the state from tort liability arising out of the maintenance of state trunkline highways was established in *McDowell* v. *State Highway Commissioner* (1961), 365 Mich 268. To the extent prescribed in PA 1964, No 170 (MCLA § 691.1401 *et seq.* [Stat Ann 1969 Rev § 3.996(101) *et seq.*]), this immunity is waived. The statute must be strictly construed. *Johnson* v. *Board of County Road Commissioners of Ontonagon County* (1931), 253 Mich 465.

MCLA § 691.1402, *supra,* provides in part:

"The duty of the state and county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel."

The shoulders of a highway are designed for vehicular traffic although not of the same character as vehicular traffic on the paved portion of the highway. We read the statutory duty of the state with respect to the repair of shoulders to be that the state is obligated to maintain the shoulders in reasonable repair so that they are reasonably safe for their intended use as adjuncts of the paved portion of the highway.

Whether this duty has been met in the instant case cannot be determined by summary judgment. That determination will depend on, among other things, the extent of the six-inch height differential between the shoulder and the paved portion of the highway, was it located in one spot, on one side of the highway? What caused the differential, original construction, natural forces, or maintenance? What use was Barbara Johnson making of the shoulder and why? All of these are factual questions to be determined from testimony and other evidence.

Reversed and remanded for trial. Plaintiffs may recover the costs of this appeal.

All concurred.