## VAN LIERE v STATE HIGHWAY DEPARTMENT

1. HIGHWAYS—HIGHWAY SHOULDERS—GUARDRAILS—IMPROVED POR-
TION OF HIGHWAYS—STATE HIGHWAY DEPARTMENT—GOVERN-
MENTAL IMMUNITY—STATUTES.

Both the shoulder and guardrail of a state highway are within
the improved portion of the highway designed for vehicular
travel; therefore, the State Highway Department is not im-
mune from liability for either its failure to properly repair and
maintain a shoulder of a state highway or its failure to provide
a reasonably fit and safe guardrail (MCLA 691.1402).

2. JUDGMENT—SUMMARY JUDGMENT—PLEADINGS—LEGAL SUFFICIENCY
—FACTUAL SUFFICIENCY—COURT RULES.

A motion for summary judgment tests only the legal, not the
factual, sufficiency of the pleadings; all factual allegations of
the plaintiff in the pleadings as well as any conclusions which
can reasonably be drawn from them are accepted as true when
a summary judgment for a defendant is appealed (GCR 1963,
117.2[1]).

3. JUDGMENT—ACCELERATED JUDGMENT—SUMMARY JUDGMENT—GOV-
ERNMENTAL IMMUNITY—COURT RULES.

The defense of governmental immunity is properly raised by a
motion for accelerated judgment, not a motion for summary
judgment (GCR 1963, 116.1[5], 117.2[1]).

4. NEGLIGENCE—PROXIMATE CAUSE—PLEADINGS—COMPLAINT—HIGH-
WAYS—STATE HIGHWAY DEPARTMENT.

A complaint, which alleged that plaintiff's car became impaled
upon a guardrail when a gust of wind blew the car off the
highway and that the guardrail directed the car into a bridge
abutment, adequately pled proximate cause in a suit for negli-
gence against the State Highway Department where the allega-

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 402–404, 488–
490.

Public's liability for motor vehicle accident as affected by condition
of shoulder of road. 52 ALR2d 1403.

[2, 3, 5, 6] 73 Am Jur 2d, Summary Judgment §§ 26–36.

tions, if proven, show that plaintiff's injury was the combined product of the wind and the highway department's failure to provide a safe guardrail.

5. JUDGMENT—SUMMARY JUDGMENT—LEGAL ISSUE—FACTUAL CONTEXT.

   Summary judgment on the pleadings is never proper where resolution of the legal issue may depend greatly upon the factual context.

6. COURTS—COURT OF APPEALS—JUDGES—TRIAL JUDGES—ASSIGNMENT OF JUDGES—DISCRETION—COURT RULES.

   Exercise by the Court of Appeals of its discretionary power to assign a new trial judge to a case, after reversing a summary judgment for the defendant, is inappropriate where the plaintiff has failed to demonstrate that the trial judge, in granting summary judgment, expressed a conclusion that plaintiff would not prevail on the merits (GCR 1963, 820.1[7]).

Appeal from the Court of Claims, Allan C. Miller, J. Submitted Division 2 November 13, 1974, at Lansing. (Docket No. 19659.) Decided February 25, 1975.

Complaint by Earl Van Liere, individually, as administrator of the estate of Phyllis J. Van Liere, deceased, and as next friend of Mary L. Van Liere and Scott A. Van Liere, minors, against the State Highway Department for damages for injuries sustained in an automobile accident. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Sloan & McCarthy,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Myron A. McMillan,* Assistants Attorney General, for defendant.

Before: BRONSON, P. J., and D. E. HOLBROOK, and V. J. BRENNAN, JJ.

BRONSON, P. J. Plaintiff-appellant, Earl Van Liere, was driving his automobile in an allegedly careful manner, heading east on I-94 in Calhoun County at about 3:30 p.m. on May 6, 1972, when a "gust of wind" blew his car from the highway and into a guardrail adjacent to the shoulder of the road. Upon hitting the guardrail, the automobile purportedly became "impaled on the guardrail" and rammed into a bridge abutment. Four passengers were in the automobile, and as a result of the occurrence, two died and the other two were seriously injured.

Plaintiff sought to recover damages for the injuries sustained as the result of the negligence of and nuisance created by the defendant-appellee, Michigan State Highway Department. The trial court granted summary judgment on February 13, 1974 for failure to state a claim upon which relief could be granted, GCR 1963, 117.2(1), and plaintiff appealed as of right.

Summary judgment was granted because, in the opinion of the trial judge, a guardrail is not within the exception to governmental immunity created in MCLA 691.1402; MSA 3.996(102). That section provides, in pertinent part:

"The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel."

The trial judge determined that a guardrail "is not within the strict language of the statute nor the expansive interpretations that have been given thereto by the appellate court, and therefore,

\* \* \* it is not within the meaning of the exception. The accident that is alleged here under no circumstances is within the improved portion of the highway designed for vehicular traffic \* \* \* ".

In *Johnson v Michigan,* 32 Mich App 37; 188 NW2d 33 (1971), this Court held that the shoulder of a state highway is within the improved portion of the highway designed for vehicular travel and thus covered by the exception. The trial judge in this case apparently concluded that *Johnson* did not dictate a holding that a guardrail deserved similar treatment.

However, soon after the entry of summary judgment in this case, *Detroit Bank & Trust Co v Department of State Highways,* 55 Mich App 131; 222 NW2d 59 (1974), was decided. It was there held that a guardrail located in the median of a state highway fell within the statutory language "improved portion of the highway", thereby rendering unavailable the defense of governmental immunity.

*Johnson* and *Detroit Bank & Trust Co* taken together make it clear that the accident forming the basis of the present suit occurred on an "improved portion of the highway". Accordingly, summary judgment[1] on the ground that governmental immunity barred plaintiff's claim was improperly entered in defendant's favor.

We pause further to consider another contention

---

[1] Though defendant moved for summary judgment pursuant to GCR 1963, 117.2(1) for failure to state a claim upon which relief can be granted, the issue of governmental immunity is properly raised by accelerated judgment, GCR 1963, 116.1(5) since the claim made by defendant is that plaintiff's action is barred "because of \* \* \* other disability of the moving party", *i.e.,* immunity. Nonetheless, mislabeling will not prevent our considering the question presented. *Miller Glass Co, Inc v Kushmaul,* 13 Mich App 346; 164 NW2d 390 (1968), *Cibor v Oakwood Hospital,* 14 Mich App 1, 3, fn 1; 165 NW2d 326 (1968).

advanced by defendant. It was also held by the trial judge in his opinion granting summary judgment for defendant that plaintiff failed to adequately allege proximate cause in his complaint and thus that plaintiff's cause, as filed, contained a second fatal flaw. Defendant supports this interpretation of the allegations in plaintiff's complaint. Plaintiff maintains that he properly pled proximate cause.

We mention preliminarily that a motion for summary judgment under GCR 1963, 117.2(1) tests only the *legal,* not the factual, sufficiency of the pleadings. *Crowther v Ross Chemical and Manufacturing Co,* 42 Mich App 426, 429–431; 202 NW2d 577 (1972). In our review of such a motion, we are obliged to accept as true all of plaintiff's factual allegations as well as any conclusions which can reasonably be drawn therefrom. *Martin v Fowler,* 36 Mich App 725, 729; 194 NW2d 524 (1971), *Weckler v Berrien County Road Commission,* 55 Mich App 7; 222 NW2d 9 (1974).

We accordingly have scrutinized the complaint, the two relevant portions of which are as follows:

"3. That as a direct and proximate result of the creation of a nuisance and of the negligence of the defendant, Michigan State Highway Department, the vehicle in which the plaintiffs were driver and guest passengers, became impaled upon a guardrail when a gust of wind blew the aforesaid vehicle off the highway and upon the guardrail. Said guardrail directed the aforesaid vehicle into a bridge abutment at 22-1/2 Mile Road in the Township of Marengo, County of Calhoun, State of Michigan.

"4. That as a direct and proximate result of the creation of a nuisance and of the negligence of the defendant, Michigan State Highway Department, the plaintiff * * * [was] severely injured * * * ."

In our judgment, a jury could find it reasonably foreseeable that an automobile might be blown off the road. It could find also that the defendant highway department had a duty to provide a reasonably fit and safe guardrail. If the guardrail was defective in that an automobile striking it would travel down the rail into a nearby bridge abutment, and if, in the exercise of reasonable foresight, the highway department should have known that wind or some other not unlikely subsequent event could cause an automobile to hit the guardrail causing injury in the manner described, then the defect might reasonably be deemed the proximate cause of the injury. If proven, the facts show that plaintiff's injury was the combined product of the negligence of the highway department—failing to provide a safe guardrail—and an accident for which neither plaintiff nor defendant is accountable—the wind.

The facts as alleged by plaintiff, and accepted as true for purposes of this appeal, adequately plead proximate cause. Whether the plaintiff can prove that the injuries were in fact the proximate result of the alleged defective guardrail is another question. That question is one to be decided after the development of the facts, not by summary judgment under GCR 1963, 117.2(1).[2]

Plaintiff has made one final request. He seeks to have this Court assign a new judge to hear this case upon remand. We recognize our power to do

[2] We cite, again (see Szydlowski v General Motors Corp, 59 Mich App 180; 229 NW2d 365 [1975]), the following message from Crowther, supra, at 431:

"In a case such as the one now before us, where the resolution of the legal issue may depend greatly upon the factual context, summary judgment on the pleadings is never proper." (Emphasis supplied.)

We leave open the question whether GCR 1963, 117.2(3) has appropriate application to these facts.

so, GCR 1963, 820.1(7), but deem it totally inappropriate to exercise such discretion under these circumstances. Plaintiff has failed to demonstrate that the trial judge, in granting summary judgment for defendant, expressed a conclusion that plaintiff will not prevail on the merits. Compare *People v Jackson,* 391 Mich 323, 341; 217 NW2d 22 (1974). That the trial judge determined that plaintiff failed to state a claim upon which relief can be granted hardly forces the conclusion that he has passed judgment on, or even considered, the merits of plaintiff's case. Indeed, we are confident that the trial judge here consciously refrained from considering the merits in deciding the motion for summary judgment and should not be prevented from continuing to preside over this case on remand.[3]

Reversed and remanded for proceedings not inconsistent with this opinion. Costs to appellant.

[3] We do not here presume to decide whether a motion filed in the trial court on remand pursuant to GCR 1963, 405 would be appropriate.