ROY v DEPARTMENT OF TRANSPORTATION

Docket No. 84535. Submitted January 13, 1986, at Lansing. Decided May 20, 1986. Leave to appeal applied for.

William G. Roy was riding on a paved bicycle path constructed adjacent to a limited access highway. The path was under the jurisdiction of the Michigan Department of Transportation. The bicycle struck a bump which was concealed by freshly cut grass and Roy was thrown from the bicycle and was injured. Roy and his wife, Susan M. Roy, brought an action for damages against the Department of Transportation. The Court of Claims, Jack W. Warren, J., granted summary judgment in favor of defendant, holding that the highway exception to governmental immunity did not apply because the bicycle path was outside the improved portion of the highway designated for vehicular travel. The plaintiffs appealed. *Held:*

The bicycle path involved in this case, constructed adjacent to and parallel to the highway, was closely analogous to the shoulder of the road. It was an extension of or adjunct to the roadway. Therefore, it is included within the highway exception to governmental immunity.

Reversed and remanded.

GOVERNMENTAL IMMUNITY — HIGHWAYS — BICYCLE PATHS.

A bicycle path constructed adjacent and parallel to a roadway is analogous to the shoulder of a roadway and, where such a path has been provided it is, as an extension of or adjunct to the paved surface of the road, within the highway exception to governmental immunity (MCL 619.1402; MSA 3.996[102]).

*Law Offices of Norman P. Ochs, P.C.* (by *John . R. Rinn*), for plaintiffs.

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 337 *et seq.,* 441.

Bicycle, tricycle, or similar vehicle, liability of municipality for injury or death from defects or obstructions in sidewalk to one riding thereon. 88 ALR2d 1423.

See also the annotations in the ALR3d/4th Quick Index under Highways and Streets.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Carl K. Carlsen* and *Brenda E. Turner,* Assistant Attorneys General, for defendant.

Before: Gribbs, P.J., and D. E. Holbrook, Jr., and T. Roumell,* JJ.

D. E. Holbrook, Jr., J. We are called upon to determine if a paved bicycle path that is under state control is included in the highway exception to governmental immunity. The trial court held that it was not and granted defendant's motion for summary judgment. Plaintiffs now appeal as of right.

Plaintiff William G. Roy was injured when he was riding his bicycle on the path and struck a bump that was concealed by freshly cut weeds. He was thrown and suffered a separated shoulder. The arguments in the case center on MCL 691.1402; MSA 3.996(102), which provides in pertinent part that

> [t]he duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel.

The parties argue two subissues that involve the construction of this statute. The first is whether a bicycle is a vehicle for purposes of vehicular travel, and the second is whether a bicycle path such as the one involved herein is a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

part of the improved portion of the highway. We find the second issue to be dispositive.

We hold the dispositive question to be whether the path itself is an "installation outside of the improved portion of the highway." We find that it is not. A bicycle path is closely analogous to the shoulder of the road, which has consistently been held to be included within the highway exception.

> The shoulders of a highway are designed for vehicular traffic although not of the same character as vehicular traffic on the paved portion of the highway. We read the statutory duty of the state with respect to the repair of shoulders to be that the state is obligated to maintain the shoulders in reasonable repair so that they are reasonably safe for their intended use as adjuncts of the paved portion of the highway. [*Johnson v Michigan*, 32 Mich App 37, 39; 188 NW2d 33 (1971).]

In the instant case, the bicycle path runs adjacent to a limited access highway and is similarly an adjunct to that highway. Cyclists have the same rights and responsibilities as motorists when on the road. MCL 257.657; MSA 9.2357. However, the Michigan Vehicle Code requires that "[w]here a usable and designated path for bicycles is provided adjacent to a roadway, a bicycle rider shall use that path and shall not use the roadway." MCL 257.660(3); MSA 9.2360(3). Furthermore, bicyclists are absolutely prohibited from limited access highways and bicycles are specifically required to be ridden on adjacent paths only. MCL 257.679(a); MSA 9.2379(1). Thus, where paths have been provided for cyclists, the state requires the cyclists to use the paths, forcing them off the roads where they normally have a right to be.

Motorists and cyclists both benefit from having these parallel paths so that cyclists remain safe

and out of the way of motorists. We conclude that if the state has a duty to maintain the roadway itself in a safe condition it should also have the same duty with respect to such paths. They are, in all respects, equivalent to reserved bicycle lanes that are physically attached to the road surface used by motor vehicles. They were intended to increase the safety of all travelers and should be maintained with equal care.

We therefore find the bicycle path in question to be included within the highway exception to governmental immunity. We limit this inclusion only to those bicycle paths which were constructed adjacent to roadways and which parallel those roads as extensions of or adjuncts to the paved surface reserved for motor vehicle use.

Accordingly, we reverse the trial court's decision and remand for further proceedings.

Reversed and remanded. No costs, a public question being involved.