## ROY v DEPARTMENT OF TRANSPORTATION

Docket No. 78864. Decided July 1, 1987. On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgment of the Court of Appeals and reinstated the judgment of the Court of Claims.

William G. Roy and Susan M. Roy brought an action in the Court of Claims against the Michigan Department of Transportation for damages arising out of injuries received by Mr. Roy while riding his bicycle on a bicycle path adjacent to a portion of Interstate Highway 275. The court, Jack W. Warren, J., granted summary judgment for the defendant on the ground of governmental immunity, finding that the bicycle path was outside of the improved portion of the highway designed for vehicular travel. The Court of Appeals, GRIBBS, P.J., and D. E. HOLBROOK, JR., and ROUMELL, JJ., reversed, holding that a bicycle path is not an installation outside of the improved portion of a highway (Docket No. 84535). The defendant seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice RILEY, and Justices BRICKLEY, CAVANAGH, BOYLE, and GRIFFIN, the Supreme Court held:

The exception to governmental immunity for failure of a governmental agency to keep any highway within its jurisdiction in reasonable repair and reasonably safe and fit for travel is limited to injuries which arise from the agency's failure to repair and maintain the traveled roadway portion of a highway. It does not extend to injuries which arise from detached, ancillary installations such as sidewalks, crosswalks, and bicycle paths.

The history and wording of the act indicate that exclusion of liability arising from use of sidewalks, crosswalks, and other installations was expressly intended and is to be read in light of applicable definitions in the Motor Vehicle Code. So read, the exception of § 2 of the governmental immunity act does not apply to an installation outside the improved portion of a highway designed for vehicular traffic, including bicycle paths.

Reversed.

Justices LEVIN and ARCHER would not dispose of this case by per curiam opinion, but would grant leave to appeal.

152 Mich App 34; 391 NW2d 514 (1986) reversed.

*John R. Rinn* for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Brenda E. Turner,* Assistant Attorney General, for the defendant.

PER CURIAM. MCL 691.1402; MSA 3.996(102) provides an exception to governmental immunity for tort liability in favor of "[a]ny person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel . . . ." However, the statute provides that the governmental agency's duty to repair and maintain, and its potential liability, "shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel." In this case, the Court of Appeals has held that this exception to governmental immunity extends to injuries suffered on a bicycle path which is detached from, but runs parallel to, the traveled roadway portion of a limited-access highway. We disagree. The exception to governmental immunity is limited to injuries which arise from the agency's failure to repair and maintain the traveled roadway portion of the highway. It does not extend to injuries which arise from detached, ancillary installations, such as sidewalks, crosswalks, and bicycle paths.

I

Plaintiffs William and Susan Roy filed a complaint in the Court of Claims on September 20, 1984, against defendant Michigan Department of

Transportation. The complaint alleged[1] that, on July 19, 1984, plaintiff William Roy[2] was riding his bicycle on a bicycle path adjacent to a portion of I-275. The bicycle path and highway were under the jurisdiction of defendant. The complaint alleges that there was a "substantial asphalt bump" which posed a hazard to bicyclists. Defendant's agents had cut weeds and negligently piled them over the area of the bump. Plaintiff William Roy was unable to see the bump. The complaint states, "[W]hen he drove over the bump, the handlebars of his bicycle were wrested out of his hands and he was thrown to the pavement, sustaining severe and permanent, personal injuries" which included a shoulder separation, lacerations, contusions, and torn muscles, tendons, and ligaments.

Defendant answered the complaint and advanced a defense of immunity pursuant to MCL 691.1407; MSA 3.996(107).[3] On February 13, 1985, defendant filed a motion for summary judgment

[1] When summary disposition is issued against a plaintiff, all well-pled allegations of the complaint are regarded as true during an appeal from the summary disposition, *Abel v Eli Lilly & Co*, 418 Mich 311, 324; 343 NW2d 164 (1984).

[2] Plaintiff Susan Roy's claim is for loss of consortium resulting from William's injuries.

[3] At the time of the accident and lower court proceedings, MCL 691.1407; MSA 3.996(107) provided:

> Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed.

1986 PA 175 made substantial additions to MCL 691.1407; MSA 3.996(107). These amendments are not relevant to this decision because plaintiff claims the benefit of an exception to governmental immunity contained in MCL 691.1402; MSA 3.996(102), a different section of the act providing for governmental immunity from and liability for injuries. MCL 691.1402; MSA 3.996(102) has not been amended since the time of the accident.

under former GCR 1963, 117.2(1) for failure to state a claim upon which relief could be granted. The motion argued that defendant was immune under MCL 691.1407; MSA 3.996(107). Plaintiffs argued that defendant was liable under the exception to immunity contained in MCL 691.1402; MSA 3.996(102), which provides:

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency. The liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21, chapter 4 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Compiled Laws of 1948. *The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel.* No action shall be brought against the state under this section except for injury or loss suffered on or after July 1, 1965. Any judgment against the state based on a claim arising under this section from acts or omissions of the state highway department shall be payable only from restricted funds appropriated to the state highway department or funds provided by its insurer. [Emphasis supplied.]

Defendant countered that the bicycle path was an installation outside of the improved portion of the highway designed for vehicular travel. As such,

the accident site was not within the exception. The Court of Claims agreed with defendant and granted summary judgment in favor of defendant.[4]

Plaintiffs appealed of right to the Court of Appeals. The Court held that a bicycle path is not an "installation outside of the improved portion of the highway." 152 Mich App 34, 36; 391 NW2d 514 (1986). It noted that *Johnson v Michigan,* 32 Mich App 37, 39; 188 NW2d 33 (1971), held that shoulders of a highway were designed for vehicular traffic and that the statutory duty of governmental agencies to maintain and repair highways extended to shoulders as "adjuncts of the paved portion of the highway." In the instant case, the Court of Appeals concluded that a bicycle path was analogous to the shoulder of the road. It stated:

> In the instant case, the bicycle path runs adjacent to a limited access highway and is similarly an adjunct to that highway. Cyclists have the same rights and responsibilities as motorists when on the road. MCL 257.657; MSA 9.2357. However, the Michigan Vehicle Code requires that "[w]here a usable and designated path for bicycles is provided adjacent to a roadway, a bicycle rider shall use that path and shall not use the roadway." MCL 257.660(3); MSA 9.2360(3). Furthermore, bicyclists are absolutely prohibited from limited access highways and bicycles are specifically required to be ridden on adjacent paths only. MCL 257.679a; MSA 9.2379(1). Thus, where paths have been provided for cyclists, the state requires the cyclists to use the paths, forcing them off the roads where they normally have a right to be.
>
> Motorists and cyclists both benefit from having these parallel paths so that cyclists remain safe and out of the way of motorists. We conclude that

---

[4] The order was entered April 11, 1985. By that time, the Michigan Court Rules of 1985 were effective, MCR 1.102. Thus, the order should have granted summary disposition, MCR 2.116(C)(8). We shall treat the order as granting summary disposition, MCR 7.316(A)(1).

if the state has a duty to maintain the roadway itself in a safe condition it should also have the same duty with respect to such paths. They are, in all respects, equivalent to reserved bicycle lanes that are physically attached to the road surface used by motor vehicles. They were intended to increase the safety of all travelers and should be maintained with equal care.

We therefore find the bicycle path in question to be included within the highway exception to governmental immunity. We limit this inclusion only to those bicycle paths which were constructed adjacent to roadways and which parallel those roads as extensions of or adjuncts to the paved surface reserved for motor vehicle use. [152 Mich App 36-37.]

The Court of Appeals reversed the summary disposition of the Court of Claims and remanded the case to that court for further proceedings.

Defendant has filed an application for leave to appeal to this Court.

II

We believe that the Court of Appeals decision turns on a criterion different from that employed by the Legislature when it adopted MCL 691.1402; MSA 3.996(102). The Court of Appeals opinion appears to be based primarily on the perceived benefits to motorists and bicyclists from having parallel but separate paths for travel. We do not disagree with the perception of benefits. However, it appears to have played no part in the legislative enactment. If it had, there would be no reason to distinguish between the benefits of separating pedestrians from motorists and the benefits of separating bicyclists from motorists. Like bicyclists, pedestrians are permitted to use highways when sidewalks are not provided, MCL 257.655; MSA 9.2355. Like bicyclists, pedestrians are forbidden to

use limited access highways,[5] MCL 257.679a; MSA 9.2379(1). Yet, MCL 691.1402; MSA 3.996(102) expressly indicates that the exception for liability does not extend to sidewalks, crosswalks, and any other installation outside of the improved portion of the highway designed for vehicular traffic. While the statutes which provide for separation of bicyclists and pedestrians from motorists may be based on a legislative perception of the benefits of separation, the statute under scrutiny is not. Indeed, to the extent it shows any legislative judgment on the benefits of separation, the exclusion of sidewalks, crosswalks, and other installations from the duty of maintenance and repair, reflects a conclusion that pedestrians and users of these installations have been sufficiently protected by the separation of them from motorists, without any need to impose a duty of maintenance and repair enforced by liability for resultant injuries.

The fact that the Legislature made an express decision to exclude liability arising from sidewalks, crosswalks, and other installations is reflected not only in the wording of MCL 691.1402; MSA 3.996(102), but in the history of that statute.

At common law, municipalities were not liable for damages in consequence for lack of repair to highways, *Nile Twp Hwys Comm'rs v Martin,* 4 Mich 557 (1857). In 1879 PA 244, 1 How Stat 1442, the Legislature[6] provided for liability against a municipality in favor of any person "sustaining bodily injury upon any of the public highways or

---

[5] MCL 257.679a; MSA 9.2379(1) permits bicyclists, but not pedestrians, to use separate bicycle paths within the highway limited access.

[6] In 1861 PA 197, the Legislature had provided for liability on conditions similar to the 1879 act against a township or corporation "whose duty it is to keep such bridge or culvert in repair . . . ." However, the Legislature failed to impose a duty of repair on any township or corporation. Thus, the act was ineffective, *Leoni Twp v Taylor,* 20 Mich 148 (1870).

streets in this state, by reason of neglect to keep such public highways or streets, and all bridges, cross-walks and culverts on the same in good repair, and in a condition reasonably safe and fit for travel . . . ." In 1887 PA 264, 3 How Stat 1446c, the Legislature expanded the area of liability to include "public highways or streets, and all bridges, *sidewalks,* cross-walks and culverts on the same . . . ." (Emphasis added.) This language remained substantially the same through many codifications and amendments[7] until 1964.

In 1964, the Legislature collected the statutory exceptions to common-law immunity of governmental agencies in 1964 PA 170. Section 2 of the act is the provision under scrutiny in this case, MCL 691.1402; MSA 3.996(102).[8] Whereas the prior

[7] The statute appeared as 1897 CL 3441. It is found in Chapter XXII, § 1 of the highway code, 1909 PA 283. Chapter XXI, § 10 of that code suggests that pedestrians and bicycles were using walks and side-paths. Side-paths were not included in the broad highway exemption from governmental immunity, even though sidewalks and crosswalks along highways and streets were exempt from immunity. 1915 PA 301 amended the code without effect on the pertinent provision, which appears as 1915 CL 4584 and 1929 CL 4223. 1915 CL 4580 and 1929 CL 4217 continued to recognize a side-path or walk as appropriate for both pedestrian and bicycle travel. 1915 CL 4582 and 1929 CL 4219 indicated that a side-path or walk constructed within twelve feet of the center of the highway "shall be considered part of such highway." However, the liability sections still failed to include mention of side-paths with sidewalks, crosswalks, and culverts. 1917 PA 38, 1929 CL 4221 provided that bicycles, motorcycles, and motor-driven vehicles may not be operated on "that part of the street or highway where sidewalks have been regularly laid out and constructed for the use of pedestrians, not including cross walks . . . ."

The growing role of motor vehicles in modern society was not recognized for governmental liability purpose until 1945 PA 127, which waived governmental immunity for damages arising from the negligent operation of a motor vehicle. See current MCL 691.1405; MSA 3.996(105). The provision relating to the highway exception is also found at 1948 CL 242.1.

[8] The history of common-law sovereign and governmental immunities is set forth in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 596-608; 363 NW2d 641 (1984). In *Maki v East Tawas,* 385 Mich 151; 188 NW2d 593 (1971), aff'g 18 Mich App 109; 170 NW2d 530 (1969), this Court affirmed a Court of Appeals determination that

acts specifically included bridges, sidewalks, crosswalks, and culverts as subject to the duty to maintain and repair enforced by liability, the new legislation specifically excluded from liability "sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel." The task before this Court is to determine the application of this exclusion to the bicycle path on which William Roy suffered his injury.

### III

There are several indications in the governmental immunity act that the Legislature intended to use applicable terms in that act with the same meaning as they have in 1949 PA 300, as amended, MCL 257.1 *et seq.;* MSA 9.1801 *et seq.,* commonly known as the Motor Vehicle Code. Section 5 of the governmental immunity act, MCL 691.1405; MSA 3.996(105),[9] provides:

> Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of *a motor vehicle of which the governmental agency is owner, as defined in Act No. 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Compiled Laws of 1948.*

The emphasized language expressly directs the reader to a Motor Vehicle Code definition.[10]

the statutory grant of immunity to governmental agencies in § 7 of 1964 PA 170 offended the title-object clause of Const 1963, art 4, § 24. To cure the defect, the Legislature amended the title of the act, 1970 PA 155, § 1.

[9] Section 5 is the successor of 1945 PA 127, see n 7 *supra.*

[10] In some instances, such an express reference in one section might create a negative implication as to sections not containing a similar

Section 2 of the governmental immunity act, the section under examination, uses the term "vehicular travel." The same term appears in the Motor Vehicle Code definition of "highway," found at MCL 257.20; MSA 9.1820.[11] That definition is:

> "Highway or street" means the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel.

This definition may be broader than the common understanding of "highway." The common understanding may focus more on the actual traveled or paved portion of road.[12] However, any discrepancy is irrelevant because § 2 of the governmental immunity act limits its effect to "the improved portion of the highway designed for vehicular travel . . . ."[13]

Section 79 of the Motor Vehicle Code, MCL 257.79; MSA 9.1879, defines "vehicle" in the following manner:

reference. However, recall that the governmental immunity act is actually a compilation of prior acts, n 7 *supra*. Different sections are based on the draftsmanship of different legislatures. In such cases, it is better to look for a pattern of meaning rather than rely on a single rule of interpretation.

[11] MCL 257.64; MSA 9.1864 gives the same definition to "street or highway." The coincidence of the use of the term "vehicular travel" in these definitions and § 2 of the governmental immunity act provides a second inference that the drafters of the governmental immunity act had in mind the terminology of the Motor Vehicle Code.

[12] The Motor Vehicle Code uses "roadway" in this context. MCL 257.55; MSA 9.1855 states, " 'Roadway' means that portion of a highway improved, designed, or ordinarily used for vehicular travel. In the event a highway includes 2 or more separate roadways, the term 'roadway,' as used herein, shall refer to any such roadway separately, but not to all such roadways collectively."

[13] Use of the quoted language limiting "highway" provides a third inference that the drafters of the governmental immunity act were deliberately using Motor Vehicle Code terminology. If "highway" had the more limited, common understanding, the limiting language of the governmental immunity act would be superfluous.

"Vehicle" means every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices exclusively moved by human power or used exclusively upon stationary rails or tracks and excepting a mobile home as defined in section 2 of Act No. 419 of the Public Acts of 1976, being section 125.1102 of the Michigan Compiled Laws.

Bicycles[14] require the use of human power and are not within this definition of "vehicle." While common usage of the word vehicle[15] is broad, the common usage of "vehicular"[16] is more restricted and very close to the definition of vehicle in the Motor Vehicle Code. The careful tailoring of terms in the governmental immunity act to the definitions in the Motor Vehicle Code convinces us that the Legislature intended these terms[17] of the governmental immunity act to be understood in light of the definitions of the Motor Vehicle Code.

Read in light of these definitions, the exception to immunity found in § 2 of the governmental immunity act does not apply to bicycle paths. The exception does not apply to an "installation outside of the improved portion of the highway designed for vehicular travel." A bicycle path is not designed for vehicular travel, in the common sense of "vehicular" as relating to motor vehicle. Indeed,

[14] MCL 257.4; MSA 9.1804 provides, "'Bicycle' means a device propelled by human power upon which a person may ride, having either 2 or 3 wheels in a tandem or tricycle arrangement, all of which are over 14 inches in diameter."

[15] *Webster's Third New International Dictionary* (1966), p 2538, provides examples of usage including the organ, a "vehicle of sacred music," and a play, a "starring vehicle" for an actress.

[16] *Webster's,* n 15 *supra,* defines "vehicular" as "of, relating to, or designed for vehicles and esp[ecially] for *motor vehicles.*" (Emphasis added.)

[17] Terms not under consideration in this opinion might not have been subject to the same legislative intent.

use of such a vehicle on a bicycle path is a criminal offense.[18]

Section 2 does not reveal a legislative purpose to protect bicyclists in general, as suggested by the Court of Appeals. Indeed, the statute does not offer general protection to pedestrians or motorists without regard to location. The statute announces a duty to repair and maintain the highway so that the improved portion designed for vehicular travel is reasonably safe and convenient for public travel. The criterion used by the Legislature was not based on the class of travelers, but the road on which they travel.

This interpretation fits within each of the interpretive clues identified above. It satisfies the express wording of § 2 which limits the duty created there to less than the full highway. It does not frustrate the policy announced in other statutes[19] of protecting bicyclists by requiring them to use bicycle paths, where provided, in preference to roads, because bicycles on bicycle paths are not exposed to the hazards which arise from mixing bicycle and vehicular means of travel. It fits the apparent legislative purpose to focus on a more tightly drawn duty reflected in the departure of 1964 PA 170 from the more inclusive tone of predecessor legislation.

[18] MCL 750.419; MSA 28.651 provides,

A person who operates or rides a motorcycle, moped, or other motor vehicle, excepting motorized wheelchairs upon a bicycle path or a sidewalk regularly laid out and constructed for the use of pedestrians, not including a crosswalk or driveway, is guilty of a misdemeanor.

[19] MCL 257.660(3); MSA 9.2360(3) states,

Where a usable and designated path for bicycles is provided adjacent to a roadway, a bicycle rider shall use that path and shall not use the roadway. [See also MCL 257.679a; MSA 9.2379(1) on bicycle paths along limited-access highways.]

Pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals and reinstate the judgment of the Court of Claims.

RILEY, C.J., and BRICKLEY, CAVANAGH, BOYLE, and GRIFFIN, JJ., concurred.

LEVIN and ARCHER, JJ. We would not dispose of this case by per curiam opinion but would instead grant leave to appeal.